IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| SAVE THE MANATEE CLUB; CENTER FOR BIOLOGICAL DIVERSITY; and DEFENDERS OF WILDLIFE,<br><br>     Plaintiffs,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>     Federal Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 6:22-cv-868 |

## FEDERAL DEFENDANT'S ANSWER

Federal Defendant, the United States Environmental Protection Agency, hereby answers Plaintiffs' Complaint for Declaratory and Injunctive Relief (Dkt. 1). The numbered paragraphs and sections of this Answer correspond to the numbered paragraphs and sections of Plaintiffs' Complaint. For textual sentences in the Complaint that are followed by a citation or citations, the response in this Answer refer to both the textual sentence and its accompanying citation as one sentence.

1. The allegations contained in Paragraph 1 purport to characterize Plaintiffs' lawsuit, which require no response. To the extent a response is required, the allegations are denied.

2.     The allegations contained in the first and second sentences of Paragraph 2 are vague and ambiguous, and are denied on that basis.  Federal Defendant admits the allegations contained in the third sentence of Paragraph 2 that the Indian River Lagoon "consists of brackish waters" and some sea turtle, fish, crab and shrimp species spend their respective juvenile stages in the Indian River Lagoon, but aver that the remaining allegations in the third sentence are vague and ambiguous, and are denied on that basis. Federal Defendant admits the allegations contained in the fourth sentence of Paragraph 2.  The allegations contained in the fifth and sixth sentences of Paragraph 2 consist of legal conclusions, which require no response.

3.     Federal Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 3 and, on that basis, denies the allegations.  The allegations contained in the second and third sentences of Paragraph 3 are vague and ambiguous, and are denied on that basis.

4.     The allegations contained in Paragraph 4 are vague and ambiguous, and are denied on that basis.

5.     The allegations contained in Paragraph 5 purport to characterize the Clean Water Act ("CWA") and the Endangered Species Act ("ESA"), which speak for themselves and are the best evidence of their content.  Federal

Defendant denies any allegations inconsistent with the plain language, meaning, and/or context of the CWA and ESA.

6. The allegations contained in the first sentence of Paragraph 6 consist of legal conclusions, which require no response. The allegations contained in the second and third sentences of Paragraph 6 purport to characterize a certain unidentified Florida Department of Environmental Protection document or documents, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with that document's or those documents' plain language, meaning, and/or context. The allegations contained in the fourth sentence of Paragraph 6 purport to characterize a certain unidentified Environmental Protection Agency ("EPA") document or documents, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with that document's or those documents' plain language, meaning, and/or context.

7. The allegations contained in the first and third sentences of Paragraph 7 purport to characterize certain unspecified EPA-FWS correspondence, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with that correspondence's plain language, meaning, and/or context. The allegations contained in the second sentence of Paragraph 7 purport to characterize the

ESA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with the ESA's plain language, meaning, and/or context. The allegations contained in the fourth sentence of Paragraph 7 purport to characterize certain unspecified National Marine Fisheries Service ("NMFS") biological opinions, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations inconsistent with those biological opinions' plain language, meaning, and/or context.

8. The allegations contained in Paragraph 8 purport to characterize the ESA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

9. The allegations contained in Paragraph 9 purport to characterize a letter from FWS to the EPA dated August 10, 2021, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with that letter's plain language, meaning, and/or context.

10. The allegations contained in Paragraph 10 purport to characterize a letter from EPA to FWS dated November 23, 2021, which speaks for itself and is the best evidence of its content. Federal Defendant denies any

allegations that are inconsistent with that letter's plain language, meaning, and/or context.

11. As to the allegations contained in the first sentence of Paragraph 11, Federal Defendant admits that EPA received letters dated December 20, 2021 and February 7, 2022, from Plaintiffs purporting to provide notice of their intent to sue ("Notices"). The allegations contained in the second, third, and fourth sentences of Paragraph 11 purport to characterize Plaintiffs' Notices, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with the Notices' plain language, meaning, and/or context.

12. Federal Defendant admits the allegation contained in Paragraph 12 that EPA did not reinitiate consultation in response to Plaintiffs' Notices.

13. The allegations contained in the first sentence of Paragraph 13 are vague and ambiguous, and are denied on that basis. The allegations contained in the second sentence of Paragraph 13 characterize Plaintiffs' lawsuit, which require no response. To the extent a response is required, the allegations are denied.

14. The allegations contained in the first sentence of Paragraph 14 consist of characterizations of their lawsuit or legal conclusions, which require no response. Federal Defendant admit the allegations contained in the second

and third sentences of Paragraph 14 that it received the Notices from Plaintiffs, which purport to provide notice of their intent to sue. To the extent that the third sentence in Paragraph 14 purports to characterize Exhibits 1 and 2 to the Complaint, Exhibits 1 and 2 to the Complaint speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations inconsistent with their plain language, meaning, and/or context. The allegations contained in the fourth sentence of Paragraph 14 consist of Plaintiffs' characterization of their lawsuit or legal conclusions, which require no response. To the extent a response is required, Federal Defendant denies the allegations.

15. The allegations contained in Paragraph 15 consist of legal conclusions, to which no response is required.

16. The allegations contained in Paragraph 16 consist of legal conclusions, to which no response is required.

17. Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies them.

18. Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19.     Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies them.

20.     Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

21.     Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies them.

22.     Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies them.

23.     Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies them.

24.     Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies them.

25.     Federal Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies them.

26.     The allegations contained in Paragraph 26 consist of legal conclusions, which require no response.

27.     The allegations contained in Paragraph 27 consist of legal conclusions, which require no response.

28.     The allegations contained in Paragraph 28 purport to characterize the CWA and ESA, which speak for themselves and are the best evidence of their content.  Federal Defendant denies any allegations that are inconsistent with the CWA's and ESA's plain language, meaning, and/or context.

29.     Federal Defendant admits the allegations contained in the first and third sentences of Paragraph 29.  The allegations contained in the second sentence of Paragraph 29 are vague and ambiguous, and are denied on that basis.

30.     The allegations contained in Paragraph 30 are vague and ambiguous, and are denied on that basis.

31.     Federal Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, on that basis, denies the allegations.

32.     The allegations contained in the first and third sentences of Paragraph 32 are vague and ambiguous, and are denied on that basis.  The allegations contained in the second sentence of Paragraph 32 purport to characterize an unidentified study, which speaks for itself and is the best

evidence of its content. Federal Defendant denies any allegations inconsistent with its plain language, meaning, and/or context.

33. The allegations contained in Paragraph 33 are vague and ambiguous, and are denied on that basis.

34. The allegations contained in Paragraph 34 purport to characterize the CWA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with the plain language, meaning, and/or context of the CWA.

35. The allegations contained in the first sentence of Paragraph 35 purport to characterize 40 C.F.R. § 131.3, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context. The allegations contained in the second sentence of Paragraph 35 purport to characterize the CWA and 40 C.F.R. § 131.3(f), (i), which speak for themselves and are the best evidence of the content of their content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context. The allegations contained in the third sentence of Paragraph 35 purport to characterize Florida Administrative Code, section 62-302.400, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with that section's plain language, meaning, and/or context.

36.     The first and second sentences contained in Paragraph 36 purport to characterize two sections of the Code of Federal Regulations, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context. The third and fourth sentences contained in Paragraph 36 purport to characterize two sections of the Florida Administrative Code, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context.

37.     The allegations contained in Paragraph 37 purport to characterize the CWA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with the CWA's plain language, meaning, and/or context.

38.     The allegations contained in Paragraph 38 purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with the CWA's and its implementing regulations' plain language, meaning, and/or context.

39.     The allegations contained in the first, second, and fourth sentences of Paragraph 39 purport to characterize the CWA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations

inconsistent with its plain language, meaning, and/or context. The allegations contained in the third and fifth sentences contained in Paragraph 39 purport to characterize a document entitled "Guidelines for Reviewing TMDLs under Existing Regulations Issued in 1992" dated May 20, 2002, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with its plain language, meaning, and/or context.

40. The allegations contained in the first and second sentences in Paragraph 40 purport to characterize the CWA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with its plain language, meaning, and/or context. The allegations contained in the third sentence in Paragraph 40 purport to characterize a document entitled, "EPA, Guidance for Water Quality-based Decisions: The TMDL Process," dated April 1991, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with its plain language, meaning, and/or context.

41. The allegations contained in Paragraph 41 purport to characterize the ESA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

42. The allegations contained in the first and second sentences of Paragraph 42 purport to characterize the ESA, which speaks for itself and is

the best evidence of its content. Federal Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

43. The allegations contained in Paragraph 43 purport to characterize the Supreme Court decision, *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978) ("*TVA v. Hill*"). Federal Defendant denies any allegations inconsistent with the plain language, meaning, and/or context of *TVA v. Hill*.

44. The allegations contained in the first sentence of Paragraph 44 purport to characterize the ESA and the document entitled, "Memorandum of Agreement Between the Environmental Protection Agency, Fish and Wildlife Service, and National Marine Fisheries Service Regarding Enhanced Coordination Under the Clean Water Act and Endangered Species Act," 66 Fed. Reg. 11,202 (Feb. 22, 2001), which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations inconsistent with their plain language, meaning, and/or context. The allegations contained in the second sentence of Paragraph 44 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations inconsistent with their plain language, meaning, and/or context.

45. The allegations contained in the first and second sentences of Paragraph 45 purport to characterize the ESA and its implementing

regulations, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context.

46. The allegations contained in Paragraph 46 consist of legal conclusions, which require no response, and also purport to characterize the CWA and a document entitled "Memorandum of Agreement Between the Environmental Protection Agency, Fish and Wildlife Service, and National Marine Fisheries Service Regarding Enhanced Coordination Under the Clean Water Act and Endangered Species Act," 66 Fed. Reg. 11,202 (Feb. 22, 2001), which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context.

47. The allegations contained in Paragraph 47 purport to characterize 50 C.F.R. § 402.16(a), which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with the 50 C.F.R. § 402.16(a)'s plain language, meaning, and/or context.

48. The allegations contained in Paragraph 48 purport to characterize a provision in Florida's Administrative Code, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with its plain language, meaning, and/or context.

49. The allegations contained in Paragraph 49 purports to characterize the complaint filed in a certain unidentified 2008 lawsuit, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations inconsistent with its plain language, meaning, and/or context.

50. The allegations contained in the first sentence of Paragraph 50 purport to characterize a certain unidentified consent decree, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context. The allegations contained in the second sentence of Paragraph 50 purport to characterize a certain unidentified EPA rule or rules, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with that rule's or those rules' plain language, meaning, and/or context.

51. The allegations contained in the first and second sentences of Paragraph 51 purport to characterize certain unidentified correspondence dated June 13, 2012, from the State of Florida to EPA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.

52.     The allegations contained in Paragraph 52 purport to characterize a provision in Florida's Administrative Code, which speaks for itself and is the best evidence of its content.  Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.

53.     The allegations contained in the first sentence of Paragraph 53 purport to characterize a certain unidentified submission from the State of Florida to EPA relating to total maximum daily loads ("TMDLs"), which speaks for itself and is the best evidence of its content.  Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.  The allegations contained in the second sentence of Paragraph 53 purport to characterize a certain unidentified EPA approval document, which speaks for itself and is the best evidence of its content.  Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.  The allegations contained in the third sentence of Paragraph 53 purport to characterize a provision of Florida's Administrative Code, which speaks for itself and is the best evidence of its content.  Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.  The allegations contained in the fourth sentence of Paragraph 53 consist of Plaintiffs' characterization of their suit or legal conclusions, which require no response.  To the extent a response is required,

Federal Defendant denies the allegations contained in the fourth sentence of Paragraph 53.

54. The allegations contained in Paragraph 54 purport to characterize certain unspecified EPA, FWS and/or NMFS correspondence, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with that correspondence's plain language, meaning, and/or context.

55. The allegations contained in the first sentence of Paragraph 55 purport to characterize certain unidentified correspondence sent by EPA to FWS, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context. The allegations contained in the second sentence of Paragraph 55 purport to characterize certain unidentified correspondence from FWS to EPA, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context. The allegations contained in the third sentence of Paragraph 54 purport to characterize a certain unidentified NMFS biological opinion, which speaks for itself and is the best evidence of its content. Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.

56.     The allegations contained in Paragraph 56 purport to characterize a certain unidentified NMFS document, which speaks for itself and is the best evidence of its content.  Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.

57.     Federal Defendant admits the allegation contained in the first sentence of Paragraph 57 that it received a letter from FWS on August 10, 2021.  The balance of the allegations contained in Paragraph 57 purport to characterize that August 21, 2021, letter from FWS to EPA, which speaks for itself and is the best evidence of its content.  Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.

58.     Federal Defendant admits the allegation contained in Paragraph 58 that it sent a letter to FWS on November 23, 2021.  The balance of allegations contained in Paragraph 58 purport to characterize that November 23, 2021, EPA letter, which speaks for itself and is the best evidence of its content.  Federal Defendant denies any allegations that are inconsistent with its plain language, meaning, and/or context.

59.     Federal Defendant admits the allegation contained in Paragraph 59 that it received the Notices from Plaintiffs, which purport to provide notice of their intent to sue.  The balance of the allegations contained in Paragraph 59 purport to characterize the Notices, which speak for

themselves and are the best evidence of their content. Federal Defendant denies any allegations inconsistent with the Notices' plain language, meaning, and/or context.

60. The allegations contained in paragraph 60 purport to characterize the Notices, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context.

61. The allegations contained in paragraph 61 purport to characterize the Notices, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context.

62. The allegations contained in paragraph 62 purport to characterize the Notices, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context.

63. The allegations contained in paragraph 63 purport to characterize the Notices, which speak for themselves and are the best evidence of their content. Federal Defendant denies any allegations that are inconsistent with their plain language, meaning, and/or context.

64. Federal Defendant admits the allegation contained in Paragraph 64 that it has not reinitiated consultation with FWS or NMFS.

## FIRST CLAIM FOR RELIEF

65.     Federal Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 64.

66.     The allegations contained in Paragraph 66 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

67.     The allegations contained in the first and second sentences of Paragraph 67 constitute legal conclusions, to which no response is required. The allegations contained in the third sentence of Paragraph 67 are vague and ambiguous, and are denied on that basis.

68.     The allegations contained in Paragraph 68 constitute legal conclusions, to which no response is required.

## SECOND CLAIM FOR RELIEF

69.     Federal Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 68.

70.     The allegations contained in Paragraph 70 constitute legal conclusions, to which no response is required.

71.     The allegations contained in Paragraph 71 constitute legal conclusions, to which no response is required.

72.     The allegations contained in Paragraph 72 constitute legal conclusions, to which no response is required.

## REQUEST FOR RELIEF

The remaining paragraphs in the Complaint provide Plaintiffs' requests for relief, to which no response is required. To the extent that a response is required, Federal Defendant denies that Plaintiffs are entitled to the relief they request or to any relief whatsoever.

## GENERAL DENIAL

All allegations in the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

## AFFIRMATIVE DEFENSES

1.      Some or all of Plaintiffs have failed to exhaust their administrative remedies for some or all of their claims.

2.      The Court lacks jurisdiction over Plaintiffs' claims.

3.      Some or all of Plaintiffs' allegations fail to state a claim upon which relief can be granted.

4.      Some or all of Plaintiffs' claims are barred by the statute of limitations.


Dated: July 8, 2022                     Respectfully submitted,

                                        TODD KIM
                                        Assistant Attorney General

*/s/ Robert M. Norway*
J. BRETT GROSKO, Senior Trial Attorney
ROBERT M. NORWAY, Trial Attorney
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0342 (Grosko)
Telephone: (202) 307-1145 (Norway)
Facsimile: (202) 305-0275
brett.grosko@usdoj.gov
robert.m.norway@usdoj.gov

*Counsel for Federal Defendant*